**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **WILSON ROOSEVELT CONNER,** | : | |
| Petitioner, | : | |
| vs. | : | CIVIL ACTION 03-0807-CG-B |
| **STEVE BULLARD,** | : | |
| Respondent. | : | |

### REPORT AND RECOMMENDATION

Wilson Conner, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 8 (b)(1). The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Following a complete review of this action, the undersigned recommends that the petition be dismissed as barred by the statute of limitations.

On May 8, 1998, Petitioner pled guilty to one count of capital murder and was sentenced to life imprisonment without the possibility of parole in the Circuit Court of Marengo

1

County, Alabama (Doc. 14, Exh. C)[1] (<u>Id</u>.).  Following a direct appeal, Petitioner's conviction and sentence was affirmed by the Court of Criminal Appeals on December 18, 1998 (Exh. C, pg. 2), and a certificate of judgment was issued on January 6, 1999 (<u>Id</u>.).

Petitioner filed a Rule 32 petition in the Circuit Court of Marengo County, Alabama on March 15, 1999.  While his initial Rule 32 petition was pending, Petitioner filed a second Rule 32 petition in the Circuit Court of Marengo County on January 24, 2000 (Exh. B & C).  Later, on May 23, 2000, Petitioner filed a motion to amend his Rule 32 petitions (Exh. C).  The petitions and amendment were denied by the trial court on April 16, 2001 (Exh. C).  Thereafter, Petitioner appealed to the Court of Criminal Appeals.  The appeals court dismissed Petitioner's Rule 32 appeal as untimely filed and issued the Certificate of Judgment on September 10, 2001 (Exh. D).

Petitioner filed a third Rule 32 petition on February 21, 2002, which was dismissed by the trial court on April 2, 2003 (Exh. C).  Petitioner appealed the dismissal, and upon review, the Court of Criminal Appeals affirmed the dismissal, and issued a certificate of judgment on August 22, 2003 (Exh. E).

---

[1]All exhibits were submitted along with Respondent's Answer (Doc. 14).

Petitioner filed the instant writ of habeas corpus (Doc. 1) with this Court on November 26, 2003.  For the reasons set forth herein, the undersigned recommends that the petition be dismissed as barred by the one-year statute of limitations.

Pursuant to 28 U.S.C. § 2244 (d)(1), as amended by the April 24, 1996 enactment of The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101(Supp. II 1997) ("AEDPA"), a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review". The Act provides that:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court.  The limitations period shall run from the latest of–

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

(2) The time during which a properly filed application for State

post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d).

In this case, Petitioner's sentence for capital murder became final on January 6, 1999, thereby triggering the commencement of the AEDPA's statute of limitations. The limitations clock began on January 6, 1999 because that was the day on which the certificate of judgment, following direct review, was issued. By the time Petitioner filed his first Rule 32 petition on March 15, 1999, sixty-seven days of the AEDPA's one year limitations period had elapsed. While Petitioner's first Rule 32 petition was pending, Petitioner filed another Rule 32 petition and an amendment, both of which were both treated as amendments to the original Rule 32 petition. The petitions and amendment were denied by the trial court on April 16, 2001. Petitioner filed an appeal with the Alabama Court of Criminal Appeals. The appeal was dismissed as untimely and the appeals court issued the certificate of judgment on September 10, 2001.

Under 28 U.S.C. § 2244 (d)(2), the limitations period may be tolled if Petitioner timely files an application for state post-conviction or other collateral review. Thus, in this case, the limitations period was tolled from March 15, 1999, when Petitioner filed his first Rule 32 petition, until the Alabama

Court of Criminal Appeal's final Order dismissing the Rule 32 petition was entered on September 10, 2001.  With this dismissal, the clock started again, and Petitioner had two hundred and ninety-eight days remaining under the statute, or until February 7, 2002, to file his federal habeas petition absent some other tolling event.  Notwithstanding the February 7, 2002 deadline, Petitioner did not file the instant habeas petition until November 26, 2003, more than twenty-one months after the limitations deadline.  The fact that Petitioner filed what was considered a third Rule 32 post conviction petition on February 21, 2002 is of no consequence because the limitations period had already expired.  See Webster v. Moore, 199 F.3d 1256, 1299 (11th Cir. 2000), cert. denied 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed. 2d 454 (2000) ("A state court petition [ ] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Because Petitioner did not file the instant petition until February 25, 2004, some twenty-one months after the federal statute of limitations had expired, Respondent argues that Petitioner's habeas corpus petition should be dismissed as untimely.  However, before recommending dismissal, the undersigned must determine whether Petitioner has pled extraordinary circumstances which require a contrary conclusion.

5

The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar.  Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)].  Equitable tolling is an extraordinary remedy which is typically applied sparingly.  See Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).  See also Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3rd Cir. 1998)("equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'... [g]enerally, this will occur when the petitioner has 'in some extraordinary way...been prevented from asserting his or her rights.'...[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'... [m]ere excusable neglect is not sufficient.").  Moreover, in the Eleventh Circuit, as a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Secretary of Dept. of Corrections, 259 F.3d 1310, 1314 (11th Cir.), cert. denied, 535 U.S. 1080, 122 S.Ct. 1965 (2002); Drew v. Department of Corrections, 297 F.3d 1278, 1286-87 (11th Cir.

2002).

In an Order dated December 30, 2004, Petitioner was directed to show cause,(i.e., extraordinary circumstances), why his case should not be dismissed for failure to comply with the statute of limitations requirement as set forth in 28 U.S.C. § 2244(d)(1). Petitioner responded to this Court's order on January 18, 2005 (Doc. 20).  In his response, Petitioner acknowledges that his habeas petition was filed one year and nine months late. However, he asserts that his late petition should be accepted because he is illiterate and could not find inmate assistance to help with the filing of his habeas petition[2].  "[T]here is no right to legal counsel in collateral proceedings, Hooks v. Wainwright, 775 F. 2d 1433, 1437-38 (11th Cir. 1985); thus, the "failure to act or think like a lawyer cannot be cause for failing to assert a claim." Smith v. Newsome, 876 F.2d 1461, 1465 (11th Cir. 1999).  Accordingly, in this case, Petitioner's lack of legal knowledge does not suffice to excuse his delay in filing a timely petition for federal habeas relief.  Where Respondent has asserted the defense of statute of limitations and Petitioner has failed to meet his burden of establishing extraordinary circumstances which would justify the equitable

---

[2]Petitioner also makes mention of his health almost as an afterthought.  His naked assertion is wholly inadequate.

7

tolling of § 2244's one year statute of limitations, the undersigned must recommend that this case be dismissed as time-barred.

**III.    Conclusion**

For the reasons set forth above, it is the opinion of the Magistrate Judge that Petitioner's petition for habeas corpus relief be **DENIED**.  It is so recommended.

The attached sheet contains important information regarding objections to this recommendation.


**DONE** this the **9th day of June, 2005**.

                                    **S/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**

```
          MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
            AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
                AND FINDINGS CONCERNING NEED FOR TRANSCRIPT
```

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded)**.

Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                S/ SONJA F. BIVINS
                                                UNITED STATES MAGISTRATE JUDGE